# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CR-12-12-R |
| ) | CIV-16-721-R |
| SAMUEL RODRIGUEZ, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pursuant to 28 U.S.C. § 2255(g)(2), the United States Court of Appeals for the Tenth Circuit granted Mr. Rodriguez authorization to file a second or successive motion under 28 U.S.C. § 2255, to permit him to pursue a claim based on *Johnson v. United States*, 135 S.Ct. 2551 (2105). (Doc. No. 66). The basis of the instant § 2255 motion is the enhancement of Mr. Rodriguez's sentence in this criminal case in light of his status as a career offender, because he had "two prior qualifying felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The Court of Appeals authorized the successive motion because the relevant language of the sentencing guidelines defining "crime of violence" included a residual clause identical to that contained in the Armed Career Criminal Act, which provision the Supreme Court declared unconstitutionally vague in *Johnson*. Upon receipt of Defendant's motion, the Court ordered the United States to file a response. In lieu of a response, the United States requested the Court hold the motion in abeyance pending the outcome of a case then pending before the Supreme Court of the United States, *Beckles v. United States*. (Doc. No. 70). The Court granted the

Government's request and Defendant's § 2255 motion has been held in abeyance since that time. On March 6, 2017, the Supreme Court rendered its decision in *Beckles*, 2017 WL 855781 (2017), and as a result, the Court need not delay consideration of the merits of the motion.

In *Johnson*, the prisoner successfully argued his sentence was unconstitutional because it relied on unconstitutionally vague language defining "crime of violence" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B). In *Beckles*, the Supreme Court held that the unconstitutional-vagueness holding of Johnson does not apply to the residual clause in the sentencing guidelines despite identical definitions. Because Defendant herein was designated a career offender under the Guidelines, not the Act, he cannot prevail on his current challenge. Accordingly, the motion is DENIED.

IT IS SO ORDERED this 16th day of March 2017.

*[signature: David L. Russell]*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE